UNITED SETATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

```
MATTHEW TOSCH,                        )
              Plaintiff               )
                                      )
v.                                    )   Civil No.
                                      )
                                      )
RICHARD H. KREAM,                     )
d/b/a Kream & Kream, Attorneys at Law,)
JONATHAN G. KREAM,                    )
              Defendants              )
```

## COMPLAINT AND DEMAND FOR JURY TRIAL

The Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") was enacted by Congress in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). Congress found that these practices "contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. *Id.* It further found that "[e]xisting laws and procedures for redressing these injuries are inadequate to protect consumers." 15 U.S.C. §1692(b).

In this action, plaintiff seeks damages resulting from false threats and misrepresentations made by defendants in the course of attempting to collect an alleged consumer debt from plaintiff.

### Parties

1. Plaintiff Matthew Tosch is an individual who at relevant times resided in North Andover, Massachusetts.

2. Defendant Richard H. Kream is an individual who at relevant times was an attorney engaged in the practice of consumer debt collection. He is the owner and principal of the law firm which conducts business under the name of Kream and Kream (the "Firm"), a sole proprietorship located in East Weymouth, Massachusetts. At all relevant times defendant and defendant's employees were "debt collectors" within the meaning of 15 U.S.C. §1692a(6) and 209 CMR 18.01 and were engaged in trade or commerce in Massachusetts.

3. Defendant Jonathan G. Kream is an individual who at relevant times was employed by Richard H. Kream as a debt collector. All of said defendant's actions alleged herein were carried out in the course of, and within the scope of, his employment by Richard H. Kream.

## Jurisdiction and Venue

4. Plaintiff's claims arise under 15 U.S.C. §1692 *et seq.* and this Court therefore has subject matter jurisdiction over said claims pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. §1337. This Court also has supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear and adjudicate plaintiff's claims arising under state law.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(b).

## Factual Allegations

6. In or about January, 2010, defendant Richard H. Kream was engaged by an entity known as CACH, LLC to collect a debt allegedly owed by plaintiff which had been incurred primarily for personal, household, or family purposes (a "consumer debt"). Said defendant sent plaintiff a letter dated January 8, 2010, informing plaintiff of this representation.

7. On or about February 10, 2010, plaintiff and defendant Jonathan G. Kream had a telephone conversation regarding the alleged debt. During this conversation, plaintiff stated that even though he did not believe he owed CACH any money, he nonetheless wished to resolve the matter by making payments that had been arranged with a prior debt collector. However, plaintiff stated that he would not be able to make a payment until the following month. In response to plaintiff's statements, Jonathan G. Kream stated that if plaintiff did not make a payment by the end of February the Firm would file suit against plaintiff. Jonathan G. Kream further stated to plaintiff that the Firm "had never lost a case."

6. Plaintiff did not make a payment in February, 2010, and made no other payments to defendants in connection with the alleged debt.

7. On or about July 1, 2010, defendants filed suit against plaintiff on behalf of CACH, LLC, in the Essex County Superior Court.

8. Defendant Richard H. Kream sent plaintiff a letter concerning the alleged debt dated July 28, 2010, which letter asserted the balance to be $28,367.74. The balance set forth in the letter was incorrect as of the date of the letter.

**COUNT I**

9. The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

10. Jonathan G. Kream's statement that if plaintiff did not make a payment in February, 2010, suit would be filed against plaintiff, constituted a threat to take action which at the time was not intended to be taken, in violation of 15 U.S.C. §1692e(5).

WHEREFORE, plaintiff prays for a judgment of statutory damages against defendants, jointly and severally, plus interest, costs, and reasonable attorney's fees.

## COUNT II

11.  The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

12.  Jonathan G. Kream's statement that the Firm had never lost a case constituted a false representation or deceptive means to attempt to collect the alleged debt, in violation of 15 U.S.C. §1692e(10).

WHEREFORE, plaintiff prays for a judgment of statutory damages against defendants, jointly and severally, plus interest, costs, and reasonable attorney's fees.

## COUNT III

13.  The allegations of paragraphs 1 – 8 are incorporated herein as if fully set forth.

14.  Richard H. Kream's letter to plaintiff dated July 28, 2010, misrepresented the amount of the alleged debt in violation of 15 U.S.C. §1692e(2)(A).

WHEREFORE, plaintiff prays for a judgment of statutory damages against Richard H. Kream, plus interest, costs, and reasonable attorney's fees.

**Plaintiff claims trial by jury.**

MATTHEW TOSCH
By his attorney:

*/s/Kenneth D. Quat*
BBO #408640
QUAT LAW OFFICES
678 Massachusetts Avenue, Suite 702
Cambridge MA 02139
617-492-0522
kquat@quatlaw.com